UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 7:13-CR-70-5 & 6 |
| | § | |
| FERNANDO GUERRA, SR and | § | |
| FERNANDO GUERRA, JR, | § | |

**AMENDED PRELIMINARY ORDER OF FORFEITURE**

Came on to be considered the Motion for Amended Preliminary Order of Forfeiture filed by the United States of America. Said motion requests the court to amend the legal property descriptions of Properties B, C, D, and G set forth in the original Preliminary Order of Forfeiture. Said request has been made in order to correct a descriptive error appearing in the chain of title to the Subject Properties. As to all other property legal descriptions, the previous order remains the same. Having considered that motion, the Court is of the opinion that the Motion for Amended Preliminary Order of Forfeiture should be granted.

Having taken judicial notice of the matters on file in this case, the Court makes the following Findings and enters this Amended Preliminary Order of Forfeiture.

1.) A Superseding Indictment styled as shown above was returned by the Federal Grand Jury sitting in the McAllen Division of the Southern District of Texas against Fernando Guerra, Sr., Fernando Guerra, Jr., and others charging them with conspiracy to possess with the intent to distribute a controlled substance in violation of Title 21, United States Code, Section 846 (Count One), and substantive violations of Title 21, United States Code, Section 841. That Superseding Indictment gave notice that the United States sought the forfeiture of all properties, real or

personal, constituting or derived from proceeds obtained directly or indirectly from the crime alleged in Count One. A Supplement to the Notice of forfeiture was filed with the Court further identifying specific real property that constituted or was derived from the criminal proceeds obtained by defendants that the United States intended to forfeit upon conviction of Defendants, Fernando Guerra, Sr. and Fernando Guerra, Jr.

2.) Defendants Fernando Guerra, Sr. And Fernando Guerra, Jr. have entered a guilty plea to Count 1 of the Indictment which charges them with conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine, one thousand (1000) kilograms of marijuana, and more than five hundred (500) grams of methamphetamine, a violation of 21 U.S.C. §§ 841 and 846. In their plea agreements, the Defendants admitted that the real property noticed for forfeiture was, in fact, property acquired with proceeds of the drug trafficking conspiracy for which they stand convicted. This Court, having considered the plea agreement and the factual basis submitted by the United States, found the Defendants guilty and further found that there exists the requisite nexus between the offense of conviction and the real property noticed for forfeiture.

3.) The Court finds that the Defendants have agreed to forfeit to the United States the real property fully described in the Supplement to Notice of Forfeiture and that their spouses have also agreed to the forfeiture.

4.) As a result of the foregoing, **IT IS ORDERED ADJUDGED AND DECREED:** that the following real property, along with its buildings, improvements, fixtures, attachments, and accretions, if any, is forfeited to the United States and an Amended Preliminary Order of Forfeiture is hereby entered against:

    A.    1002 Sunrise Street, Edinburg, Texas; legally described as Lot Two (2), Vista Bonita Subdivision No. 10, Hidalgo County, Texas, according to the map thereof recorded in Volume 33, Page 50, Map Records of Hidalgo County, Texas; and

B.  FM 1017, Edinburg, Texas; legally described as LOT No. 45, FOUNTAIN SUBDIVISION, Hidalgo County, Texas, according to the map thereof recorded in Volume 9, pages 59 and 60, according to Map Records of Hidalgo County, Texas; and

C.  Rural Ranch on CR 15 in Willacy county, Texas; legally described as 1 acre of the East 20 Acres [E. 20 AC.] of lot Nine [9], Block Fourteen [14], Missouri-Texas Land and Irrigation Company's Subdivision, Willacy County, Texas, according to Map thereof recorded in Volume 1, Page 29, Map Records, Hidalgo County, Texas, and being the same property conveyed to Ralph Christian by Deed recorded in Volume 54, Page 506, Deed Records, Willacy County, Texas; and

D.  Rural Ranch on CR 15 in Willacy County, Texas; legally described as 17.650 acres out of the West Twenty Acres [W. 20 AC.] of lot Nine [9], Block Fourteen [14], Missouri-Texas Land and Irrigation Company's Subdivision, Willacy County, Texas, according to Map thereof recorded in Volume 1, Page 29, Map Records, Hidalgo County, Texas, and being the same property conveyed to Ralph Christian by Deed recorded in Volume 54, Page 506, Deed Records, Willacy County, Texas; and

E.  All of Lot 401, BRENDA RANCHETTES, Hidalgo County, Texas, according to the map recorded in Volume 39, Page 60, Map Records, Hidalgo County, Texas; and

F.  Lot #1 and 2, Pueblo de Palmas, Phase II, Hidalgo County, Texas, according to the Map or Plat thereof recorded in volume 52, Pages 77-79, of the Map Records of Hidalgo County, Texas; and

G.  Lot Eighty-Three (83), VICTORIA HEIGHTS SUBDIVISION PHASE III, an addition to the City of Edinburg, Hidalgo County, Texas, according to map thereof recorded in Volume 41, Pages 45 and 46, Map Records of Hidalgo County, Texas

5.) The forfeited property shall be maintained by the Drug Enforcement Administration and the United States Marshal Service as custodian pending the signing of a final order of forfeiture or further order of the Court; and they may enter said properties on reasonable notice to evaluate, test, appraise, survey, secure and/or protect those properties as necessary, such entry, except in emergency circumstances, being limited to daytime hours.

6.) Pursuant to 21 U.S.C. § 853(n), the United States is further ORDERED to post a Notice of Forfeiture on the Subject Property and (a) directly notify all persons or entities known

to own or claim an interest in the forfeited property; and (b) publish in a government internet site ([www.forfeiture.gov](www.forfeiture.gov)) notice of the entry of this Order, the intent of the United States to dispose of the forfeited property, and advise any claimants to file a petition with the Court and the Assistant United States Attorney assigned to this matter within thirty (30) days of the final publication of this notice or if actual notice was received, then within thirty (30) days of receipt, requesting the court for a hearing to adjudicate the validity of his/her alleged interest in the property. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The petition to the Assistant United States Attorney in the foregoing case should be mailed to the U.S. Attorney's Office c/o Mary Ellen Smyth, Assistant United States Attorney, P.O. Box 1179, Laredo, Texas 78040.

8.) Upon adjudication of all third party claims, the Court will enter a final judgment and Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c)(2).

SO ORDERED this 16th day of October, 2013, at McAllen, Texas.

_____
Randy Crane
United States District Judge